# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**ZACHARY ZEDALIS,**

     **Plaintiff,**

**v.**                   **CASE NO: 1:17-cv-113-MW-GRJ**

**SADIE DARNELL, in her official capacity as**
**SHERIFF, ALACHUA COUNTY, FLORIDA,**

     **Defendant.**

_____/

## DEFENDANT'S NOTICE OF FILING TRIAL BRIEF
## AND PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

PLEASE TAKE NOTICE that Defendant, SADIE DARNELL, in her official capacity as SHERIFF, ALACHUA COUNTY, FLORIDA, ("Defendant" or "Sheriff"), by and through undersigned counsel, files the following pretrial documents:

I.      Defendant's Trial Brief.

II.     Defendant's Proposed Jury Instructions and Verdict Form.

      Defendant proposes the Court adapt the U.S. Eleventh Circuit Court of Appeals Pattern Jury Instruction 4.1. Defendant proposes substantive changes to the pattern instruction as well as the pattern verdict form. Those changes are shown in Track Changes in the document attached hereto and emailed to the Court.

1

Respectfully submitted on August 19, 2020.

/s/ R.W. Evans
**R. W. Evans**
Florida Bar No. 0198862
revans@anblaw.com
**J. Wes Gay**
Florida Bar No. 0104743
wgay@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
906 N. Monroe Street
Tallahassee, FL 32303
(850) 561-3503

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on August 19, 2020, via the Court's ECF filing system which will automatically transmit a copy to counsel of record.

/s/ R.W. Evans
Attorney

I

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

ZACHARY ZEDALIS,

      Plaintiff,

v.                            **CASE NO: 1:17-cv-113-MW-GRJ**

SADIE DARNELL, in her official capacity as
SHERIFF, ALACHUA COUNTY, FLORIDA,
and Individually,

      Defendants.
_____/

## DEFENDANT'S TRIAL BRIEF

### I.    Brief Recitation of Relevant Facts

Zachary Zedalis ("Zac Zedalis") was initially employed at the Alachua County Sheriff's Office ("ACSO") as a deputy sheriff in August 2005. (ECF No. 61-1, ¶ 2). He voluntarily resigned in June 2007 and returned to the ACSO in May 2008 as a deputy. *Id.*

In April 2010, Zedalis transferred to the Criminal Investigations Division ("CID") as a detective, investigating property crimes and crimes against the person.

1

(ECF No. 61-1, ¶ 3). Aside from his SWAT assignment, he had no other duties while he was a CID detective. (ECF No. 61-2, p. 13-16).[1]

In February 2012, Zedalis met with Sheriff Darnell to express his interest in becoming sheriff and to seek mentoring from the Sheriff. Sheriff Darnell told Zedalis that she had no intention of leaving the office in the immediate future, but that he could attend budget meetings to learn the process on his own time. (ECF No. 61-2, p. 37-40; ECF No. 61-1, ¶ 4).

Zedalis remained in CID following his February 2012 meeting with Sheriff Darnell, and there was no immediate change in his duties or responsibilities. On September 2, 2012, he was assigned to an acting sergeant's position in the Patrol Division and given a corresponding pay increase. After serving three and a half months in this assignment, he was transferred back to CID on December 16, 2012. (ECF No. 61-1, ¶ 5; ECF No. 61-2, p. 43-45).

In April 2015, Zedalis announced his intention to campaign against Sheriff Darnell in the 2016 election. Zedalis held a fundraiser upon declaring his candidacy and publicly commented on his concerns with the Sheriff's leadership of the ACSO by alleging poor morale in the agency due to "an environment of retaliation," his concerns with budget management, and a failure to recruit competent deputy

---

[1] ECF Nos. 61-2, 61-3, 61-4, 61-6, 61-8, and 61-9 are transcripts of depositions. To avoid confusion, Defendant's pin citations refer to the page numbers of the deposition transcript as opposed to the ECF generated numbers.

sheriffs. (ECF No. 61-2, p. 48-53). For purposes of this trial brief, the foregoing is the alleged protected speech upon which Zedalis premises his political speech claim. Again, there was no change to his duties and responsibilities as a CID detective. *Id.* at p. 46-47, 58-59.

On July 30, 2015, Zedalis was involved in a physical altercation with his wife Kathy Zedalis, who was employed as a sergeant at the ACSO, during his on-duty hours. Criminal and internal administrative investigations ensued. Kathy alleged unrelated acts of misconduct by Zac, and ACSO initiated additional internal administrative investigations. Ultimately, based upon sustained violations of policy arising from these multiple investigations, the Sheriff terminated Zedalis's appointment as a deputy sheriff on February 4, 2016. Kathy Zedalis was dismissed on February 5, 2016, for violating ACSO policy regarding criminal conduct. (ECF No. 61-1, ¶ 16).

## II.    Analysis of Disputed Legal Issues

First Amendment political retaliation claims are generally reviewed under either the political patronage test or the political speech analysis. *Stough v. Gallagher*, 967 F.2d 1523, 1526-27 (11th Cir. 1992). The patronage analysis involves allegations of political support and examines whether an employee's political loyalty is an appropriate requirement for the effective performance of his or her public office. *Id.; Elrod v. Burns,* 427 U.S. 347, 363 (1976); *Branti v. Finkel,*

445 U.S. 507, 518 (1980). Furthermore, in *Underwood v. Harkins,* 698 F.3d 1335, 1343 (11th Cir. 2012) the Eleventh Circuit analyzed the specific scenario in which the elected official is opposed by his or her subordinate employee, referred to herein as a "candidacy" claim. The speech analysis employs an open-ended inquiry established by the Supreme Court in *Pickering v. Bd. Of Education*, 391 U.S. 563, 569 (1968).

    a. Candidacy

This Court correctly ruled that Zedalis has no First Amendment right to campaign against the Sheriff for her office. *See* ECF No. 75; *see also see Underwood v. Harkins,* 698 F.3d 1335, 1343 (11th Cir. 2012). "[A]n elected official may dismiss an immediate subordinate for opposing her in an election without violating the First Amendment if the subordinate under state or local law, has the same duties and powers as the elected official." *Id.; Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010) ("We agree that if Randall decided to run against Scott for Clayton County District Attorney, Scott would have good legal reason to discharge him …"); *Dennis v. Carver*, 104 F.3d 847, 853 (6th Cir. 1997) ("The First Amendment does not require that an official… nourish the viper in the nest)." Thus, to the extent that Plaintiff has claimed the Sheriff terminated him because he announced his candidacy for her office, such a claim fails as a matter of law.

b. <u>Patronage</u>

Under Eleventh Circuit precedent, personal loyalty to the sheriff is an appropriate requirement for the effective performance of a deputy sheriff. *Terry v. Cook*, 866 F.2d 373, 377 (11th Cir. 1989); *Cutcliffe v. Cochran*, 117 F.3d 1353, 1358 (11th Cir. 1997); *Silva v. Bieluch*, 351 F.3d 1045, 1047 (11th Cir. 2003) ("And if a sheriff may hire and fire deputy sheriffs based on political patronage … we conclude a sheriff may promote and demote on this basis also").

As a deputy sheriff, Zedalis had the same powers as the Sheriff. § 30.07, Fla. Stat. (2016); *Tanner v. McCall*, 625 F.2d 1183, 1186 (5th Cir. 1980) ("A deputy is the sheriff's alter ego and has all the sheriff's sovereign powers, except the power to appoint other deputies"); *see also McRae v. Douglas*, 644 So. 2d 1368, 1373 (Fla. 5th DCA 1994).

As previously noted, Zedalis made his personal disloyalty known by virtue of his candidacy, and the Sheriff could lawfully terminate his employment on that basis. However, the Sheriff expects Plaintiff to claim that she retaliated against Kevin Davis and Tom Witherington because they openly supported him, and therefore their mistreatment is evidence of the Sheriff's animus towards Plaintiff. This claim is flawed because (1) the Sheriff could require Davis and Witherington's personal loyalty and (2) the bases for their adverse employment actions are easily distinguishable from Plaintiff's misconduct. The reasons for excluding evidence

related to Davis and Witherington are fully articulated in Defendant's motion *in limine*.

    c. <u>Political Speech That is in Furtherance of Candidacy</u>

Defendant, of course, does not dispute that a public employer may not retaliate against public employees for speech protected by the First Amendment. *Moss v. City of Pembroke Pines*, 782 F.3d 613, 618 (11th Cir. 2015). However, as previously noted, candidacy against the employing public official is not protected. If Sheriff Darnell could dismiss Zedalis for campaigning against her for the office of sheriff because he had no First Amendment right to run against her, it logically follows that his statements in furtherance of his candidacy are similarly unprotected. Defendant maintains that Zedalis's free-speech and candidacy claims are inextricably intertwined, and therefore Zedalis's contention that he was dismissed for speech in support of his candidacy cannot stand.

In those cases in which the courts have recognized a public employee's right to express political support of a candidate, the employee has not challenged the employer as a candidate for the employer's office. *Stough v. Gallagher* exemplifies this distinction. In *Stough*, the Eleventh Circuit applied the *Pickering* test to statements made by an Orange County Sheriff's Office captain at a political forum in support of Terry James, a deputy who had announced his candidacy for sheriff. Following the election, Stough was demoted by the prevailing candidate, Walter

Gallagher, and Stough challenged the demotion as violative of his First Amendment rights. *Id.* at 1524-25.

In resolving the First Amendment claim, the Eleventh Circuit applied the free speech *Pickering* balancing test rather than the political patronage analysis of *Terry v. Cook* because the captain engaged in overt political speech. *Id.* at 1528. Sheriff Gallagher failed to show that Stough's speech adversely affected the close working relationships within the agency "upon which personal loyalty and confidence are necessary." *Id.* at 1529. Weighing the competing interests of Stough's right of self-expression against the sheriff's interests in promoting the efficient operation of the agency, the court found in favor of Stough. *Id.* at 1529.

Unlike *Stough,* the speech in the present case emanates from an employee who is campaigning for his employer's job. If the First Amendment provides no protection to run against the employer, it should not provide any right to speak against the employer in furtherance of the candidacy. Significantly, in *Underwood* the court held that an employer could dismiss a subordinate with the same duties and powers who *opposed* the employer in an election. *Underwood*, 698 F.3d at 1343.

Additionally, evidence of alleged retaliation against Davis and Witherington for their political support of Zedalis is irrelevant because they are not alleged to have engaged in overt political speech but instead only support, which of course is not protected due to them being the Sheriff's deputies.

Respectfully submitted on August 19, 2020.

/s/ R.W. Evans
R. W. Evans
Florida Bar No. 0198862
revans@anblaw.com
J. Wes Gay
Florida Bar No. 0104743
wgay@anblaw.com
ALLEN, NORTON & BLUE, P.A.
906 N. Monroe Street
Tallahassee, FL 32303
(850) 561-3503

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on August 19, 2020 via the Court's ECF filing system which will automatically transmit a copy to counsel of record.

_/s/ R.W. Evans_
Attorney

II

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**ZACHARY ZEDALIS,**

       **Plaintiff,**

v.                         **CASE NO: 1:17-cv-113-MW-GRJ**

**SADIE DARNELL, in her official capacity as**
**SHERIFF, ALACHUA COUNTY, FLORIDA,**

       **Defendant.**

_____/

## DEFENDANT'S FIRST PROPOSED
## <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

Respectfully submitted on August 19, 2020.

_/s/ R.W. Evans_
**R. W. Evans**
Florida Bar No. 0198862
revans@anblaw.com
**J. Wes Gay**
Florida Bar No. 0104743
wgay@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
906 N. Monroe Street
Tallahassee, FL 32303
(850) 561-3503

Counsel for Defendant

1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on August 19, 2020, via the Court's ECF filing system which will automatically transmit a copy to counsel of record.

*/s/ R.W. Evans*
Attorney

# TABLE OF CONTENTS

**ADVERSE EMPLOYMENT ACTION CLAIMS INSTRUCTIONS**

**4.1 Public Employee - First Amendment Claim - Discharge or Failure to Promote - Free Speech on Matter of Public Concern**

**4.1 Public Employee – First Amendment Claim – Discharge or Failure to Promote – Free Speech on Matter of Public Concern**

In this case, [name of plaintiff] claims that [name of defendant], while acting "under color" of state law, intentionally deprived [name of plaintiff] of [his/her] constitutional right to free speech by [discharging [him/her] from employment/ denying [him/her] a promotion] because [he/she] [[describe protected speech or conduct]] / [[name of defendant] mistakenly believed that [name of plaintiff] [describe protected speech or conduct]].

[Name of defendant] denies [name of plaintiff]'s claims and asserts that [describe the defendant's defense].

Under the First Amendment to the Constitution of the United States, a public employee has a right to freedom of speech on matters of public concern. It is unlawful for a public employer to take action against a public employee because the employee exercises [his/her] First Amendment rights by speaking on a matter of public concern or because the employer mistakenly believes that the employee did so.

To succeed on [his/her] claim, [name of plaintiff] must prove each of the following facts by a preponderance of the evidence:

First: ~~[Name of defendant]'s actions were "under color" of state law;~~

Second: [[Name of plaintiff] [describe protected speech or conduct]] / [[name of defendant] mistakenly believed that [name of plaintiff] [describe protected speech or conduct]];

Third: [Name of defendant] [discharged [name of plaintiff] from employment/denied [name of plaintiff] a promotion];

Fourth: [[Name of plaintiff]'s [describe protected speech or conduct]] / [[name of defendant]'s [describe mistaken belief]] was a motivating factor in [name of defendant]'s decision [to discharge [name of plaintiff]/not to promote [name of plaintiff]]; and

Fifth: [Name of plaintiff] suffered damages because of [name of defendant]'s actions.

First: Plaintiff's comments on the Sheriff's management of the agency were a motivating factor in the Sheriff's decision to discharge Plaintiff; and

Second: Plaintiff suffered damages because of the Sheriff's actions.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

[**To be used when the parties stipulate that the defendants acted "under color" of state law:** The parties have agreed that [name of defendant] acted "under color" of state law so you should accept that as a true and proven fact.]

[To be used when the parties dispute whether the defendants acted "under color" of state law: For the first element, you must decide whether [name of defendant] acted "under color" of state law. A government official acts "under color"

of law when [he/she] acts within the limits of lawful authority. A government official also acts under color of law when [he/she] claims to be performing an official duty but [his/her] acts are outside the limits of lawful authority and abusive in manner, or [he/she] acts in a way that misuses [his/her] power and is able to do so only because [he/she] is an official.]

For the second element, if you find that [name of plaintiff] [describe protected speech or conduct], then you have found that [he/she] engaged in "protected speech."

[To be used when it is alleged that the public employer mistakenly believed that employee engaged in protected activity: For the second element, if you find that [name of defendant] mistakenly believed that [name of employee] engaged in [describe protected speech or activity], then you have found the second element to be met, whether or not [name of plaintiff] actually engaged in such [speech/conduct].]

For the third element, you must decide whether [name of defendant] [discharged [name of plaintiff] from employment/denied [name of plaintiff] a promotion].

For the fourth element, you must decide whether [name of plaintiff]'s protected speech / [name of defendant]'s mistaken belief was a "motivating factor" in [name of defendant]'s decision. To prove that [[name of plaintiff]'s protected speech] / [[name of defendant]'s mistaken belief] was a motivating factor in [name

of defendant]'s decision, [name of plaintiff] does not have to prove that [[his/her] protected speech] / [[name of defendant]'s mistaken belief] was the only reason for [name of defendant]'s actions. It is enough if [[name of plaintiff] proves that [his/her] protected speech] / [[name of defendant]'s mistaken belief] influenced [name of defendant]'s decision. If [[name of plaintiff]'s protected speech] / [[name of defendant]'s mistaken belief] made a difference in [name of defendant]'s decision, you may find that it was a motivating factor in the decision.

[Name of defendant] claims that [[name of plaintiff]'s protected speech] / [[name of defendant]'s mistaken belief] was not a motivating factor in [name of defendant]'s decision and that [he/she/it] [discharged/did not promote] [name of plaintiff] for [another reason/other reasons]. A public employer may not take action against a public employee because the employee exercised protected First Amendment rights or because the public employer believed that the employee did so. But a public employer may [discharge/decline to promote] a public employee for any other reason, good or bad, fair or unfair. If you believe [name of defendant]'s reason[s] for [his/her/its] decision [to discharge/not to promote] [name of plaintiff], and you find that [his/her/its] decision was not motivated by [[name of plaintiff]'s protected speech] / [[name of defendant]'s mistaken belief], you must not second guess [his/her/its] decision and you must not substitute your own judgment for [name of defendant]'s judgment – even if you do not agree with it.

4

[**Pretext (optional, see annotations):** As I have explained, [name of plaintiff] has the burden to prove that [[his/her] protected speech] / [[name of defendant]'s mistaken belief that [name of plaintiff] engaged in protected speech] was a motivating factor in [name of defendant]'s decision [to discharge/not to promote] [name of plaintiff]. I have explained to you that evidence can be direct or circumstantial. To decide whether [[name of plaintiff]'s protected speech] / [[name of defendant]'s mistaken belief] was a motivating factor in [name of defendant]'s decision [to discharge/not to promote] [name of plaintiff], you may consider the circumstances of [name of defendant]'s decision. For example, you may consider whether you believe the reason[s] [name of defendant] gave for the decision. If you do not believe the reason[s] [he/she/it] gave for the decision, you may consider whether the reason[s] [was/were] so unbelievable that [it was/they were] a cover-up to hide the true unconstitutional reasons for the decision.]

If you find that [[name of plaintiff] [describe protected speech or conduct]] / [[name of defendant] mistakenly believed that [named of plaintiff] [describe protected speech or conduct]] and that this [protected speech] / belief was a "motivating" factor in [name of defendant]'s decision to [discharge [name of plaintiff] from employment/deny [name of plaintiff] a promotion], you must decide whether [name of plaintiff] suffered damages as a result. If the damages would not have existed except for the [discharge/denied promotion], then you may find that

5

~~[name of plaintiff] suffered those damages because of the [discharge/denied promotion].~~

**[Including Affirmative Defense (if applicable, see annotations):** If you find in [name of plaintiff]'s favor for each fact [he/she] must prove, you must decide whether [name of defendant] has shown by a preponderance of the evidence that [he/she/it] would have made the same decision even if [he/she/it] had not taken [[name of plaintiff]'s protected activity] / [[his/her/its] mistaken belief that [named of plaintiff] [describe protected speech or conduct]] into account. If you find that [name of plaintiff] would [have been dismissed/not have been promoted] for reasons other than [[his/her] protected speech] / [[name of defendant]'s mistaken belief that [named of plaintiff] [describe protected speech or conduct]], your verdict should be for [name of defendant].

If you find for [name of plaintiff] and against [name of defendant] on this defense, you must consider [name of plaintiff]'s compensatory damages.]

**[Without Affirmative Defense:** If you find in [name of plaintiff]'s favor for each fact [he/she] must prove, you must consider [name of plaintiff]'s compensatory damages.]

When considering the issue of [name of plaintiff]'s compensatory damages, you should determine what amount, if any, has been proven by [name of plaintiff] by a preponderance of the evidence as full, just and reasonable compensation for all

6

of [name of plaintiff]'s damages as a result of the [discharge/denied promotion], no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize [name of defendant]. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that [name of plaintiff] has proved them by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits from the date of the [discharge] [denied promotion] to the date of your verdict; and

(b) Emotional pain and mental anguish.

To determine the amount of [name of plaintiff]'s net lost wages and benefits, you should consider evidence of the actual wages [he/she] lost and the monetary value of any benefits [he/she] lost. Additionally, under Florida's "Resign-to-Run" law (Section 99.012(5), Fla. Stat.), Plaintiff would have been required to voluntarily resign his employment as a deputy on June 22, 2016, as that is the date he qualified as a candidate for the office of sheriff in Alachua County. Accordingly, Plaintiff can only be awarded lost wages and benefits from the date of his discharge to June 22, 2016.

To determine whether and how much [name of plaintiff] should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. [Name of plaintiff] does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates [him/her] for [his/her] claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

[**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires [name of plaintiff] to be reasonably diligent in seeking substantially equivalent employment to the position [he] [she] held with [name of defendant]. To prove that [name of plaintiff] failed to mitigate damages, [name of defendant] must prove by a preponderance of the evidence that: (1) work comparable to the position [name of plaintiff] held with [name of defendant] was available, and (2) [name of plaintiff] did not make reasonably diligent efforts to obtain it. If, however, [name of defendant] shows that [name of plaintiff] did not make reasonable efforts to obtain any work, then [name of defendant] does not have to prove that comparable work was available.

If you find that [name of defendant] proved by a preponderance of the evidence that [name of plaintiff] failed to mitigate damages, then you should reduce the amount of [name of plaintiff]'s damages by the amount that could have been reasonably realized if [name of plaintiff] had taken advantage of an opportunity for substantially equivalent employment.]

[**Punitive Damages:** To be used only for individual-capacity claims against individual defendants: [Name of plaintiff] also claims that [name of individual defendant]'s acts were done with malice or reckless indifference to [name of plaintiff]'s federally protected rights, which would entitle [him/her] to punitive damages in addition to compensatory damages. [Name of plaintiff] must prove by a preponderance of the evidence that [he/she] is entitled to punitive damages. You will only reach the issue of punitive damages if you find that [name of plaintiff] has proved the elements of [his/her] claim against [name of individual defendant], and you award [name of plaintiff] compensatory damages. You may not assess punitive damages against [public employer].

If you find for [name of plaintiff] and find that [name of defendant] acted with malice or reckless indifference to [name of plaintiff]'s federally protected rights, the law allows you, in your discretion, to award [name of plaintiff] punitive damages as a punishment for [name of defendant] and as a deterrent to others.

A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding [name of defendant]'s financial resources in fixing the amount of such damages. [You also may assess punitive damages against one or more of the individual defendants, and not others, or against more than one individual defendant in different amounts.]]

**Do you find from a preponderance of the evidence:**

1. That the Sheriff's actions were "under color" of state law?

**Formatted:** Bullets and Numbering

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Plaintiff commented on a matter of public concern, and therefore engaged in protected speech, when he commented on the Sheriff's management of the agency?

**Formatted:** Bullets and Numbering

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That the Sheriff discharged Plaintiff from employment?

**Formatted:** Bullets and Numbering

    Answer Yes or No _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

11

1. That Plaintiff's comments about the Sheriff's management of the agency were a motivating factor in the Sheriff's decision to discharge Plaintiff?

Answer Yes or No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That the Sheriff would have discharged Plaintiff from employment even if the Sheriff had not taken Plaintiff's protected into account?

Answer Yes or No  _____

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.]

3. That Plaintiff suffered damages because of the Sheriff's acts?

Answer Yes or No  _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

12

Answer Yes or No        _____

If your answer is "Yes,"
in what amount?        $_____

8. 5. That Plaintiff should be awarded damages to compensate for

Formatted: Bullets and Numbering

emotional pain and mental anguish?

Answer Yes or No        _____

If your answer is "Yes,"
in what amount?        $_____

If you did not award damages in response to either Question No. 7 or

Question No. 8, this will end your deliberations, and your foreperson should

go to the end of this verdict form to sign and date it. If you awarded damages

in response to Question No. 7 or Question No. 8 (or both), go to the next

question.

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____