UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ZACHARY ZEDALIS,

    Plaintiff,

v.                                    CASE NO. 1:17-cv-00113-MW-GRJ

SADIE DARNELL, in her official
capacity as SHERIFF, ALACHUA
COUNTY, FLORIDA,

    Defendant.
_____/

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

Plaintiff, ZACHARY ZEDALIS, through his counsel, files his Requested Jury Instructions as follows:

### 4.1 Public Employee – First Amendment Claim – Discharge or Failure to Promote – Free Speech on Matter of Public Concern

In this case, Zachary "Zac" Zedalis claims that Defendant Sheriff Darnell, while acting "under color" of state law, intentionally deprived him of his constitutional right to free speech by discharging him from employment because he discussed and was critical of the Sheriff in terms of her operation of the Alachua County Sheriff's Office after it became known that he was going to run for the office of Sheriff against Darnell. More specifically, Mr. Zedalis commented on safety issues regarding deputies' abilities to more promptly respond to emergency calls

1

through use of in-vehicle computers; top-heavy budgeting which resulted in inadequate on-street deputy presence; safety issues such as promoting employees above their qualification levels; and diversity of employees within the sheriff's office.

Defendant Darnell denies Zac Zedalis's claims and asserts that she had legitimate reasons for his termination.

Under the First Amendment to the Constitution of the United States, a public employee has a right to freedom of speech on matters of public concern. It is unlawful for a public employer to take action against a public employee because the employee exercises his First Amendment rights by speaking on a matter of public concern or because the employer mistakenly believes that the employee did so.

To succeed on his claim, Mr. Zedalis must prove each of the following facts by a preponderance of the evidence:

<dl>

First: his comments about the Sheriff and her operation of the Sheriff's Department were a motivating factor in the Sheriff's decision to discharge Plaintiff; and

Second: he suffered damages because of the Sheriff's actions

</dl>

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, you must decide whether Zachary Zedalis's protected speech or the Defendant Sheriff's mistaken belief about his comments was a "motivating factor" in her decision to fire him. To prove that Zachary Zedalis's

protected speech or Defendant Sheriff's mistaken belief was a motivating factor in the Sheriff's decision, Mr. Zedalis does not have to prove that his protected speech or the Defendant Sheriff's mistaken belief was the only reason for her actions. It is enough if Zachary Zedalis proves that his protected speech or the Defendant Sheriff's mistaken belief influenced the Sheriff's decision. If Zachary Zedalis's protected speech or the Defendant Sheriff's mistaken belief made a difference in the Defendant Sheriff's decision, you may find that it was a motivating factor in the decision.

Defendant Sheriff claims that Zachary Zedalis's protected speech or her mistaken belief was not a motivating factor in her decision and that she discharged Zachary Zedalis for another reason. A public employer may not take action against a public employee because the employee exercised protected First Amendment rights or because the public employer believed that the employee did so. But a public employer may discharge a public employee for any other reason, good or bad, fair or unfair. If you believe Defendant Sheriff's reasons for her decision to discharge Zachary Zedalis, and you find that her decision was not motivated by his protected speech or her mistaken belief, you must not second guess her decision and you must not substitute your own judgment for Defendant Sheriff's judgment – even if you do not agree with it.

As I have explained, Zachary Zedalis has the burden to prove that his protected speech or Defendant Sheriff's mistaken belief that he engaged in protected speech was a motivating factor in the Defendant Sheriff's decision to discharge him. I have explained to you that evidence can be direct or circumstantial. To decide whether Mr. Zedalis's protected speech or the Defendant Sheriff's mistaken belief was a motivating factor in her decision to discharge Mr. Zedalis, you may consider the circumstances of the Defendant Sheriff's decision. For example, you may consider whether you believe the reasons she gave for the decision. If you do not believe the reasons she gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true unconstitutional reasons for the decision.

If you find that Zachary Zedalis's comments about the Sheriff and the operation of the Alachua County Sheriff's Office or the Defendant Sheriff's mistakenly believed that Mr. Zedalis made negative comments and that this protected speech or her belief was a "motivating" factor in her decision to discharge Zachary Zedalis from employment, you must decide whether Zachary Zedalis suffered damages as a result. If the damages would not have existed except for the discharge, then you may find that Zachary Zedalis suffered those damages because of the discharge.

If you find in Zachary Zedalis's favor for each fact he must prove, you must decide whether Defendant Sheriff has shown by a preponderance of the evidence that she would have made the same decision even if she had not taken Mr. Zedalis's protected activity or her mistaken belief that Mr. Zedalis engaged in protected speech or conduct into account. If you find that Zachary Zedalis would have been dismissed for reasons other than his protected speech or the mistaken belief about his protected speech, your verdict should be for the Defendant Sheriff.

If you find for Zachary Zedalis and against the Defendant Sheriff on this defense, you must consider Zachary Zedalis's compensatory damages.

When considering the issue of Zachary Zedalis's compensatory damages, you should determine what amount, if any, has been proven by him by a preponderance of the evidence as full, just and reasonable compensation for all of his damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Zachary Zedalis has proved them by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits from the date of the discharge to the date of your verdict; and

(b) Past and future emotional pain and mental anguish.

To determine the amount of Mr. Zedalis's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.

To determine whether and how much Zachary Zedalis should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Mr. Zedalis does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates him for his claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by CM/ECF this 2nd day of September, 2020.

/s/ Marie A. Mattox
Marie A. Mattox