**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ZACHARY ZEDALIS,**

>   *Plaintiff*,

v.                                                          **CASE NO.: 1:17cv113-MW/GRJ**

**SADIE DARNELL, in her official
capacity as Sheriff, Alachua County,
Florida,**

>   *Defendant.*

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand

equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence, and is not binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

In this case it is Plaintiff's responsibility to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff, and for Defendant as to that claim.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who

4

may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

In this case, Defendant also asserts an affirmative defense. Even if Plaintiff proves his claims by a preponderance of the evidence, Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that Defendant does not have to disprove Plaintiff's claims, but if Defendant raises an affirmative defense, the only way she can prevail on that specific defense is if she proves that defense by a preponderance of the evidence.

I will now instruct you on the substantive law governing Plaintiff's lawsuit. In this case, Plaintiff claims that Defendant intentionally deprived him of his constitutional right to free speech by discharging him from employment because he made statements—while campaigning against Defendant for the office of Alachua County Sheriff—which were critical of the way Defendant administered the Alachua County Sheriff's Office.

Defendant denies Plaintiff's claims and asserts that Plaintiff was not terminated because of his comments and that, at any rate, Defendant would have made the same decision to terminate Plaintiff's employment for reasons other than his comments on the campaign trail.

Under the First Amendment to the Constitution of the United States, a public employee has a right to freedom of speech on matters of public concern. And it is

therefore unlawful for a public employer to take action against a public employee because the employee exercises his First Amendment rights by speaking on a matter of public concern.

To succeed on his claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First*:    That Plaintiff made protected comments about Defendant's management of the Sheriff's Office that were a motivating factor in Defendant's decision to discharge Plaintiff; and

*Second*: That Plaintiff suffered damages because of Defendant's actions.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, if you find that Plaintiff spoke publicly about issues related to Defendant's administration of the Sheriff's Office, then you have found that he engaged in "protected speech." Then, you must decide whether Plaintiff's protected speech was a "motivating factor" in Defendant's decision to fire him. To prove that Plaintiff's protected speech was a motivating factor in Defendant's decision, Plaintiff does not have to prove that his protected speech was the only reason for Defendant's actions. It is enough if Plaintiff proves that his protected speech influenced Defendant's decision. If Plaintiff's protected speech made a difference in Defendant's decision, you may find that it was a motivating factor in the decision.

Defendant claims that Plaintiff's protected speech was not a motivating factor in her decision and that she discharged Plaintiff for another reason. A public employer may not take action against a public employee because the employee exercised protected First Amendment rights. But a public employer may discharge a public employee for any other reason, good or bad, fair or unfair. If you believe Defendant's reason for her decision to discharge Plaintiff, and you find that her decision was not motivated by Plaintiff's protected speech, you must not second guess her decision and you must not substitute your own judgment for Defendant's judgment—even if you do not agree with it.

As I have explained, Plaintiff has the burden to prove that his protected speech or protected activity was a motivating factor in Defendant's decision to discharge him. I have explained to you that evidence can be direct or circumstantial. To decide whether Plaintiff's protected speech was a motivating factor in Defendant's decision to discharge Plaintiff, you may consider the circumstances of Defendant's decision. For example, you may consider whether you believe the reasons Defendant gave for the decision. If you do not believe the reasons Defendant gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true unconstitutional reasons for the decision.

As an affirmative defense, Defendant argues that she would have made the same decision even if she had not taken Plaintiff's protected speech or protected

activity into account. This means that if you find in Plaintiff's favor for each fact he must prove, you must decide whether Defendant has shown by a preponderance of the evidence that she would have made the same decision even if she had not taken Plaintiff's protected speech into account. If you find that Plaintiff would have been dismissed for reasons other than his protected speech, your verdict should be for Defendant. If you find for Plaintiff on this defense, you must consider Plaintiff's compensatory damages.

When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiff by a preponderance of the evidence as full, just, and reasonable compensation for all of Plaintiff's damages as a result of the discharge—no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiff has proved them by a preponderance of the evidence, and no others:

   (a) Net lost wages and benefits from the date of the discharge to the date of your verdict; and

   (b) Emotional pain and mental anguish.

To determine the amount of Plaintiff's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.

To determine whether and how much Plaintiff should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Plaintiff does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates him for his claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Plaintiff was terminated on February 4, 2016. Under Florida's resign to run law, if he chose to proceed with his campaign, Plaintiff would have been required to resign his employment at the Sheriff's Office on June 22, 2016. Defendant argues that because Plaintiff would have resigned anyway, he can only be awarded lost wages and benefits from the date of his discharge to June 22, 2016. Plaintiff argues that, if he had not been terminated, he would have rethought his campaign, and would not have resigned. If you find that Plaintiff would have resigned even if Defendant had not fired him, you must only award net lost wages and benefits up to June 22, 2016. Regardless of whether you find Plaintiff would have resigned, you may still award damages for emotional pain and suffering.

9

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

10

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.